UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6 |
|---|---|---|---|
| Case No. | CV 14-1253 ABC (MANx) | Date | April 15, 2014 |
| Title | Jose Maria Castillo, et al. v. Ford Motor Co., et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** ORDER **GRANTING** Plaintiffs' Motion to Remand (In Chambers)

     Pending before the Court is Plaintiffs' Motion to Remand, filed on March 21, 2014. (Docket No. 16.) Defendant Ford Motor Company opposed on March 31 and Defendant The Goodyear Tire & Rubber Company joined in Ford's opposition on March 31. (Docket Nos. 17, 18.) Plaintiffs replied on April 7. (Docket No. 22.) The Court finds the matter appropriate for resolution without oral argument and **VACATES** the April 21, 2014 hearing date. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, Plaintiffs' motion to remand is **GRANTED**.

     This case arises out of a June 2012 incident in which Plaintiffs' 2001 Ford Excursion's left rear tire, manufactured by Goodyear, allegedly separated from the tread, causing the car to roll over, and resulting in severe injuries to Jose Maria Castillo and Marcos Castillo and in the deaths of their family members, Yolanda Castillo, Lino Castillo, Estrella Castillo, and Juan Jose Castillo.

     Plaintiffs filed their Complaint on January 19, 2014 in Los Angeles Superior Court against Ford, Goodyear, and Pick & Pull Auto Dismantlers, Pasadena. (Docket No. 1.) Ford removed this matter on February 19, 2014 with Goodyear's consent based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). Id. As to Pick & Pull, Ford stated in its Notice of Removal:

> The residence of the remaining named defendant supports diversity jurisdiction. Plaintiffs have named Pick-N-Pull Auto Dismantlers, Pasadena, an unknown business entity ("Pick-N-Pull") as a defendant. On information and belief, Pick-N-Pull is a corporation incorporated in the state of Texas and having its principal place of business in Texas. *See* Exhibit "D" (Secretary of State record). Although Ford is informed that Pick-N-Pull has been served with Plaintiffs' Summons and Complaint, Ford does not have any information as to the identity of Pick-N-Pull's legal counsel. Therefore, Ford has been unable to acquire Pick-N-Pull's consent or joinder in the instant removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6 |
|---|---|---|---|
| Case No. | CV 14-1253 ABC (MANx) | Date | April 15, 2014 |
| Title | Jose Maria Castillo, et al. v. Ford Motor Co., et al. | | |

Id. ¶ 10.

In their motion to remand, Plaintiffs contend that "Pick & Pull was properly served by Plaintiffs on February 10, 2014, giving it until March 12, 2014, to join in or consent to Ford's removal." (Mem. at 2, 4, Ex. A.) Pick & Pull has not joined or consented to Ford's removal, and Plaintiffs assert that the time for it to do so has now passed. Id.

Ford opposes the motion on the grounds that Plaintiffs served the wrong Pick & Pull, Auto Dismantlers, Pasadena. (Opp. at 2.) Ford argues that the Pick & Pull that should have been served is located in Pasadena, Texas and has not existed since 2006. Id. In support of this claim, Ford attaches public records from the Texas Office of Comptroller that indicate Pick & Pull Auto Dismantlers, Pasadena refers to the Texas corporation (RJN, Ex. C) and that this finding is consistent with the fact that the vehicle in this case was first sold and registered in Houston, Texas. (Richardson Decl. ¶¶ 2-3, Exs. A [purchase invoice] and B [Carfax Report].)

## DISCUSSION

### A. Legal Standard

"[A]ny civil action may be brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants, the parties who invoked the federal court's removal jurisdiction, bear the burden of proving the existence of diversity by a preponderance of evidence. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In this case, the parties' dispute centers on the requirements of 28 U.S.C. § 1446. Under § 1446, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

### B. Ford Has Not Proven the Existence of Diversity Jurisdiction

Plaintiffs contend this case must be remanded because Pick & Pull has not consented to Ford's removal. Ford has the burden of showing that Pick & Pull joined or consented to the removal or that there is a reason why it did not. See Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1255 (9th Cir. 1999) (stating that, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal").

Ford indicated in the Notice of Removal that, "[o]n information and belief," Pick & Pull was a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS - 6

| Case No. | CV 14-1253 ABC (MANx) | Date | April 15, 2014 |
|---|---|---|---|
| Title | Jose Maria Castillo, et al. v. Ford Motor Co., et al. | | |

Texas corporation, that it had been served with Plaintiffs' Summons and Complaint, and that Ford did not know Pick & Pull's legal counsel. (Notice of Removal ¶ 10.) In its opposition, Ford provided declarations and requested judicial notice to establish that, according to public records, Pick & Pull was formerly a Texas corporation qualified to conduct business in California and now no longer exists. (Opp. at 3.)

Ford further argues that Plaintiffs served the wrong corporate entity. (Opp. at 5.) First, Ford points out discrepancies in the address listed as Pick & Pull's address to receive service of process (**7590** Stockton Boulevard, Sacramento California 95823) and the address that Plaintiffs actually served (**7600** Stockton Boulevard, Sacramento California 95823). Id. Process was thus served on U-Pull-It, Inc. (which conducts business as "Pick-N-Pull"), which Ford asserts is a completely independent and unrelated corporate entity. Id. at 5-6. To support this claim, Ford submits the declaration of Richard Josephson, Schnitzer Steel Industries, Inc.'s ("SSI") general counsel, who states that U-Pull-It, Inc. (which does business as Pick-N-Pull) has "no affiliation with Pick-N-Pull Auto Dismantlers, Pasadena, the entity named in the Complaint."[1] (Josephson Decl. ¶¶ 3, 7.) Based on the foregoing, Ford asks the Court to find that it is not required to obtain consent from a non-existent co-defendant.

At its core, the resolution of this motion involves a factual dispute — did Plaintiffs serve the correct Pick & Pull? Plaintiffs contend that Pick & Pull was properly served "by personal delivery on the person in charge of its office, James Cun, on January 30, 2014." (Mem. at 5.) Plaintiffs further state that the process server mailed a copy of the Summons, Complaint, and Notice of Case Assignment to Pick & Pull on January 30. Id. Mail service was deemed complete on February 10, 2014. (Id. at 7.) Thirty days from February 10 is March 12, and Pick & Pull has neither joined nor consented to the joinder. Id.

Ford bears the burden of proof on this issue. Although Ford has submitted evidence suggesting that the Pick & Pull that Plaintiffs intended to sue was a Texas corporation that no longer exists, the Court finds there are too many gaps in the analysis to conclude that Ford has carried its burden of proof. For example, Ford assumes that the tires on the 2001 Ford Excursion were the same ones that came with the car, which was first sold and originally registered in Houston, Texas. (Opp. at 2, n.1.) This assumption cannot be reconciled with Plaintiffs' allegations that Pick & Pull sold tires, including the subject tire, in California. (Compl. ¶¶ 14-15, 42[2].) Furthermore, even though the Josephson declaration states that SSI is an Oregon corporation (Josephson Decl. ¶ 1), which could be used to argue that even if

---

[1] Of course, Plaintiffs' contention that "Pick-N-Pull could have but did not challenge the service of process" (Reply at 6) is not dispositive of the issue of whether Plaintiffs served the correct defendant. The Court does find it curious, however, that Mr. Josephson has not moved to quash service, opting instead to submit a declaration in support of Ford's opposition to remand.

[2] Although Plaintiffs' counsel states that "Plaintiffs . . . in fact allege they purchased the Subject Tire in [Pasadena] California" (Reply Declaration of Jane M. Braugh ¶ 4), the allegation is not worded in this manner in the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6 |
|---|---|---|---|
| Case No. | CV 14-1253 ABC (MANx) | Date | April 15, 2014 |
| Title | Jose Maria Castillo, et al. v. Ford Motor Co., et al. | | |

SSI's "Pick-N-Pull" was served properly, diversity still exists, it does not state SSI's principal place of business, which may be California.

     In light of these concerns and the "strong presumption" against removal jurisdiction (Gaus, 980 F.2d at 566), the Court **GRANTS** Plaintiffs' motion to remand. Should the state court determine that Pick & Pull has no liability to Plaintiffs and dismiss the entity from the action, Ford will have another opportunity to remove the case under 28 U.S.C. § 1446(b)(3). Section (b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) ("[A] defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements–for example, by reason of the dismissal of a nondiverse party–may remove the case to federal court within 30 days of receiving such information."). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Thus, if, after full development of the facts, Pick-N-Pull is truly the wrong corporate entity, Ford will still have a means by which to seek relief in federal court.

### CONCLUSION

     Accordingly, the Court **GRANTS** the Motion to Remand. The case is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | AB | |